UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL E. CHRISTIANSEN, | No. 2:15-cv-02658-AC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Karl E. Christiansen commenced this social security action on December 23, 2015. ECF Nos. 1-3.[1] On March 9, 2017, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. ECF Nos. 23, 24. Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 25. The Commissioner filed a response to plaintiff's motion. ECF No. 28. Plaintiff did not file a reply. After considering the parties' briefing and the applicable law, the court grants plaintiff's motion

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 11.

1

for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). The Commissioner does not dispute the amount of fees request; instead, the Commissioner only disputes plaintiff's request that the award be made directly to plaintiff's attorney, rather than to plaintiff. ECF No. 28 at 1-2.

Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of $4,059.35. The Commissioner is correct that the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment

may be made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 25) is GRANTED.
2. Plaintiff is awarded attorneys' fees in the total amount of $4,059.35 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: July 18, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE